**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2009
_____

BLANCHE A. BROWN,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-01551)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 19, 2020
Before:  AMBRO, GREENAWAY, JR. and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 30, 2020)
_____

OPINION*
_____

PER CURIAM

Appellant Blanche A. Brown appeals the final judgment and multiple decisions

entered by the United States District Court for the Eastern District of Pennsylvania in her

lawsuit brought pursuant to the Federal Tort Claims Act ("FTCA").  We will affirm.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

The parties are familiar with the background, and their briefs provide an ample accounting of the details, so we provide only a summary. Brown alleged the following in her complaint. As a cardiac patient in the United States Department of Veterans Affairs ("VA") health program, she received medical care at the Coatesville VA Medical Center ("VAMC"), Coatesville, Pennsylvania. Her half-brother, James, was employed there as a groundskeeper. In early 2014, while recuperating at home from open heart surgery, she received more than 250 telephone calls from James, complaining to her about his workplace issues. During that period, James assaulted and threatened to kill VA Registered Nurse R. Solomon, and he later used Solomon's personal email account to threaten and harass Brown. Brown filed a protection from abuse action against him, but James's conduct escalated to violent incidents, including when James cut her home telephone line and discharged his firearm outside her window. On May 12, 2014, as Brown arrived at the VAMC, James drove up to her in the parking lot, glared at her, and drove away. James's harassment continued for months. Brown asserted that VAMC officials and employees failed to discipline or fire James and were dismissive when she expressed concerns about her safety. Further, Brown also alleged that James's brother, A.W. Brown,[1] a VAMC patient records office employee, disclosed some of her medical information to James.

---

constitute binding precedent.

[1] Brown clarified in a later filing that she was not raised with her siblings James and A.W. and became acquainted with them in 2003. (Motion to file Amended Complaint at

2

Ultimately, Brown filed an administrative claim, followed by her FTCA complaint against the United States. Brown set forth her claims in fifteen counts: (1) negligence/gross negligence; (2) negligent retention; (3) negligence per se; (4) privacy violation; (5) negligent hiring, retention, and supervision; (6) failure to protect and prevent abuse; (7) patient abuse; (8) failure to report abuse; (9) patient abandonment; (10) harassment, intimidation, and retaliation; (11) discrimination; (12) negligent infliction of extreme mental distress; (13) negligent investigation; (14) intentional infliction of mental distress; and (15) punitive damages. The Government filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and Brown filed her response.

By memorandum and order entered on February 7, 2018, the District Court dismissed Counts 1-3 and 5-14 for lack of subject matter jurisdiction under Rule 12(b)(1), because those counts fell outside the FTCA's limited waiver of sovereign immunity.[2] The Court based its rulings on the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a), and the FTCA's scope of employment requirement, 28 U.S.C. §§ 1346(b)(1) and 2679(b)(1). It dismissed Count 15 for failure to state a claim under Rule 12(b)(6) because the FTCA itself precludes punitive damages. See 28 U.S.C. § 2674. It also found that amendment of the complaint would be futile. The matter

---

4, Docket #43.)

[2] The District Court dismissed Count 11 for lack of subject matter jurisdiction for failure to exhaust the matter in her administrative claim. See 28 U.S.C. § 2675(a). Brown does not argue this issue on appeal, and we will not discuss it further.

3

proceeded to discovery on Count 4, the privacy violation claim, with a July 13, 2018 discovery deadline.

Brown filed a series of motions, including motions for leave to amend her complaint, motions for the District Court Judge's recusal, and motion to quash the Government's notice of deposition, which was scheduled for July 9, 2018. The District Court denied Brown's motions and directed her to appear for her deposition at the Courthouse. Brown did not appear for the deposition, having informed opposing counsel by email about an hour earlier that she was not feeling well. The Government filed a motion to dismiss for lack of prosecution, or alternatively, to compel discovery. Brown responded by explaining, among other things, that she had been ill the previous week due to the heat wave and the stress of preparing for the deposition, that she was afraid that James would harm her as she departed her home for the Courthouse, that she had to take a nap due to her exhaustion, and that the Government's deposition created a dangerous situation causing her to risk bodily harm to pursue her case. On July 26, 2018, the District Court issued an order for Brown to appear for her deposition within thirty days, at a date and time to be agreed upon by the parties. The District Court restricted the attendees to Brown and any counsel she may retain, Government counsel, and the court reporter. Further, the District Court gave notice that Brown's case may be dismissed for lack of prosecution if she failed to reasonably agree to a new date and time for her deposition or again failed to appear. The District Court also denied Brown's recusal motions.

4

Brown declined Government counsel's requests for possible deposition dates. Instead, she responded that she was going to report counsel to the state bar association for attorney misconduct, because scheduling her deposition in Philadelphia was part of a malicious scheme to cause her to default on her claims. Brown also filed a motion for a protective order to prevent her deposition for reasons echoing those raised in her earlier motion to quash. For example, Brown contended that Government counsel was misusing the discovery process to trigger James's violence and cause her to suffer from cardiac distress or heat stroke by holding the deposition in Philadelphia in August. Brown suggested alternatives, such as appearance by telephone or at some location closer to Lancaster County, or providing her with a United States Marshal escort to Philadelphia. On February 21, 2019, upon the Government's motion to dismiss for lack of prosecution, the District Court dismissed the remainder of Brown's complaint under Federal Rule of Civil Procedure 41(b), with prejudice, for failure to prosecute. Brown filed post-judgment motions, which the District Court denied. This appeal followed.[3] We have appellate jurisdiction under 28 U.S.C. § 1291.

We begin with the District Court's decision to grant the Government's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief could be granted).

---

[3] Brown's first motion for reconsideration was timely filed within 28 days of the District Court's dismissal of the case, thus tolling her deadline to appeal; she had 60 days to appeal after entry of the District Court's March 25, 2019 order denying her motion. See Fed. R. App. P. 4(a)(1)(B) & (4)(A). Brown's May 1, 2019 notice of appeal identifies

5

Our review is plenary.  See Free Speech Coal., Inc. v. Attorney Gen. of U.S., 677 F.3d 519, 529-30 (3d Cir. 2012).

The FTCA permits claims to be brought against the United States for certain torts committed by federal employees, when private individuals engaging in analogous behavior would be subject to state law liability.  See 28 U.S.C. § 1346(b)(1); 28 U.S.C. §§ 2671-2680.  However, this waiver of sovereign immunity is subject to jurisdictional requirements and limitations, and the District Court appropriately considered those initial jurisdictional limitations when ruling on the Government's motion to dismiss.  See CNA v. United States, 535 F.3d 132, 144 (3d Cir. 2008) (explaining that disputes over the § 1346(b)(1) scope of employment requirement is a jurisdictional question appropriate for consideration under Rule 12(b)(1)); see also Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir. 1997) (treating the § 2680(a) discretionary function exception to the FTCA as jurisdictional).  We conclude that the District Court correctly decided that it lacked subject matter jurisdiction over Brown's FTCA claims.[4]

---

numerous decisions made throughout the proceedings and was timely as to all.

[4] Brown emphasizes that she brought her complaint against the United States under the FTCA.  She contends that the District Court improperly classified her case as a civil rights action against government subdivisions and employees, thereby misinforming its adjudication of her claims.  However, it is evident that the Court analyzed Brown's complaint to determine whether it had FTCA subject matter jurisdiction as a threshold matter, given that "the FTCA itself is the source of federal courts' jurisdiction to hear tort claims made against the Government," not the general grant of federal question jurisdiction under 28 U.S.C. § 1331.  See CNA, 535 F.3d at 140-41.

6

The District Court properly determined that the discretionary function exception barred claims 1-3, 5, 6, 8, 12, and 13. This exception to the FTCA provides that no liability shall lie for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty[.]" 28 U.S.C. § 2680(a). The alleged negligence by VAMC supervisors and employees in (1) failing to train, supervise, discipline, or fire its employees and (2) failing to report, or investigate reports, of abuse by James against Brown involve an element of judgment of the sort that the exception was designed to shield. See Mitchell v. United States, 225 F.3d 361, 363-64 (3d Cir. 2000) (quoting United States v. Gaubert, 499 U.S. 315, 322-23 (1991)). Employment and termination decisions, and decisions as to investigation, are within the category of conduct covered by the discretionary function exception. See e.g., Sydnes v. United States, 523 F.3d 1179,1185-86 (10th Cir 2008) (employment-related decisions); Bernitsky v. United States, 620 F.2d 948, 955 (3d Cir. 1980) (investigation-related discretionary judgments). Moreover, the discretionary function exception applies "whether or not the discretion involved be abused." 28 U.S.C. § 2680(a); see Merando v. United States, 517 F.3d 160, 167 (3d Cir. 2008). Brown did not identify a federal statute, regulation, or policy that mandated the actions that she asserted were warranted.

In addition, we agree with the District Court's conclusion that claims 7, 9, 10, and 14 did not fall within the scope of FTCA subject matter jurisdiction, because the alleged negligent acts by VAMC employees were not taken "within the scope of [their] employment." See 28 U.S.C. §§ 1346(b) and 2679(b)(1). As explained by the District

7

Court, the actions by R. Solomon (e.g., allowing James to use her personal email account to threaten Brown and thwarting Brown's attempts to report James's conduct to his workplace authorities) and by James (stalking and telephoning Brown at home and confronting Brown in the VAMC parking lot when he was on leave from work[5]) had nothing to do with their VAMC jobs, did not take place within authorized time and space of their jobs, and had no purpose of serving the VA. See CNA, 535 F.3d at 146-47 (applying Pennsylvania law as the law where the act or omission occurred). The same is true of the other allegations of intimidation and infliction of mental distress. Given that Brown's allegations relate to conduct prompted by the employees' personal motives rather than job-related activities, these claims do not fall under the FTCA.

Brown argues that the District Court improperly denied leave to amend her complaint. However, it did grant Brown a 14-day period to file an amended complaint. (See District Court March 23, 2018 Scheduling Order, Docket #28.)[6] She did not do so within that allotted time. As for her later requests for leave to amend her complaint and

---

[5] (See Govt's Mot. to Dismiss, Exhibits 1, 2.) When considering a factual attack to the District Court's subject matter jurisdiction, the District Court was permitted to review evidence and make factual findings outside of the pleadings. See CNA, 535 F.3d at 145.

[6] Brown argues that she did not receive timely notice of this March 23, 2018 order because the District Court revoked her CM/ECF account privileges around that time, and she later found the Court's notification of the order in her email spam folder. See Appellant's Brief at 7. We do not find evidence of account revocation on the docket, but it appears that Brown did have CM/ECF account access at least as of March 26, 2018; she successfully filed and served a motion via CM/ECF that day. (See Docket #30.) Also, Brown asserts that the Court's allowance of time to amend her complaint was "obscure," but it appears in numbered paragraph two of the order.

resurrect the claims dismissed for lack of subject matter jurisdiction, the District Court correctly denied those requests for the reasons stated in its July 16, 2018 order. The Government's Rule 12(b)(1) factual attack on the existence of subject matter jurisdiction is distinct from a facial attack on sufficiency of the pleadings, and it put the burden of persuasion on Brown. See CNA, 535 F.3d at 145. Dismissal for lack of subject matter jurisdiction may occur at any time, even before discovery occurs. See id. at 145-46. Brown had the opportunity to present her basis for FTCA jurisdiction when she responded to the Government's motion to dismiss, and her legal arguments do not cure the deficiencies in FTCA jurisdiction.

We now turn to the District Court's Rule 41(b) dismissal of Brown's privacy violation claim for failure to prosecute. We review this decision for an abuse of discretion. See Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008). In our review, we consider how the court balanced the six factors set out in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984): (1) the plaintiff's personal responsibility; (2) the extent of prejudice to the defendant caused by the failure to meet scheduling orders and to respond to discovery; (3) any history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim. See Poulis, 747 F.2d at 868. No single factor alone is determinative to the outcome, and not all of the factors need to be satisfied to support dismissal. See Briscoe, 538 F.3d at 263 (3d Cir. 2008).

9

After considering the record and the parties' briefs, we conclude that the District Court did not abuse its discretion in dismissing the action. The District Court amply memorialized its Poulis findings in dismissing Brown's case and provided a detailed account of Brown's actions and filings to avoid the scheduled deposition. We need not revisit the specifics here, but the District Court considered Brown's numerous filings containing variable reasons for protesting her deposition, as well as her failure to comply with the District Court's order. It suffices to say that the record supports the District Court's analysis of the Poulis factors, including the findings that Brown was personally responsible for her litigation while proceeding pro se, that alternative sanctions would not be helpful given her unwillingness to abide by court orders, and that her behavior could not be characterized as "inadvertent or negligent" and was instead "intentional or self-serving." See Briscoe, 538 F.3d at 262. Also, the District Court deemed the potential merits of Brown's remaining privacy claim to be a neutral Poulis factor because Brown had yet to substantiate her claim during discovery. Although doubts concerning a Rule 41(b) dismissal should be resolved in favor of reaching a decision on the merits, see Briscoe, 538 F.3d at 257 (3d Cir. 2008), the District Court did not commit an abuse of discretion in balancing all of the Poulis factors and dismissing Brown's remaining claim.

In addition, Brown challenges the District Court's denial of her motions for recusal pursuant to 28 U.S.C. § 455. We find no abuse of discretion in those denials. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Brown argues, among other things, that the District Court's adverse decisions contain

10

word choice, style, and tone that minimize and mischaracterize her claims.  See Appellant's Brief at 22-23.  However, Brown's dissatisfaction with unfavorable decisions does not necessitate the District Judge's recusal.  See Liteky v. United States, 510 U.S. 540, 555 (1994).  Further, Brown's allegations that the District Judge had former employers and an alma mater in common with defense counsel would not cause an objective person to reasonably question the Judge's impartiality.  See 28 U.S.C. § 455(a) (requiring recusal when the judge's impartiality "might reasonably be questioned"); In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (noting that a judge's recusal is not required on the basis of "unsupported" or "highly tenuous speculation").

Finally, the District Court did not err in denying Brown's post-judgment motions.  Her motions did not demonstrate sufficient basis for granting reconsideration, such as an intervening change in controlling law, new evidence, or the need to correct clear error of law or fact or prevent manifest injustice, see Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), or sufficient grounds for reopening the final judgment under the provisions of Rule 60(b).

We have considered Brown's remaining arguments and conclude that they are unpersuasive.  Accordingly, we will affirm the District Court's judgment.